UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FREDDY HERNANDEZ
FERNANDEZ,

       Petitioner,

   v.                            Case No.:  2:26-cv-00914-SPC-NPM

MATTHEW MORDANT *et al.*,

       Respondents,

_____/

## OPINION AND ORDER

Before the Court are Freddy Hernandez Fernandez's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 8), and Hernandez Fernandez's reply (Doc. 11). For the below reasons, the Court grants the petition.

Hernandez Fernandez is a native and citizen of Venezuela who was paroled into the United States on July 1, 2023. He was granted temporary protected status, but that status terminated on November 20, 2025.[1] Hernandez Fernandez has a pending asylum application, a Florida driver's license, a social security card, and work authorization through 2030. He has no criminal record. On March 12, 2026, Hernandez Fernandez's employer sent him to MacDill Air Force Base to perform electrical work. An Air Force officer

---

[1] *See Ceballos v. Hardin*, No. 2:26-cv-658-SPC-NPM, 2026 WL 911295, at *1 (M.D. Fla. Apr. 3, 2026) (summarizing the recent developments impacting TPS for Venezuelans).

contacted Border Patrol, and Border Patrol agents arrested Hernandez Fernandez and detained him at Alligator Alcatraz without an opportunity to seek release on bond.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Hernandez Fernandez. The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Hernandez Fernandez asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing.

The respondents argue the petitioner is properly detained under § 1225 and is not eligible for a bond hearing. The Court rejected that argument in cases that presented the same issue, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

The respondents argue this case is distinct because Hernandez Fernandez was paroled into the country. Applying § 1225(b)(2) to noncitizens years after they were paroled into the country does not comport with the policy justification for treating noncitizens in the country differently than those

2

seeking entry. As the Supreme Court observed, "our immigration laws have long made a distinction between those aliens who have come to our shores seeking admission . . . and those who are within the United States after an entry, irrespective of its legality. In the latter instance the Court has recognized additional rights and privileges not extended to those in the former category who are merely 'on the threshold of initial entry.'" *Leng May Ma v. Barber*, 357 U.S. 185, 187 (1958) (quoting *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206 (1953)); *see also Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("But once an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent.").

Hernandez Fernandez's detention is governed by § 1226(a), not § 1225(b)(2). As a noncitizen detained under § 1226(a), Hernandez Fernandez has a right to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).[2]

---

[2] The Court acknowledges the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026) and the Eighth Circuit's decision in *Herrera Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. 2026), which agreed with the government's interpretation of the INA. The decisions are not binding here, and they contradict the vast majority of district court opinions addressing the issue. The Court respectfully disagrees

The Court will thus order the respondents to either bring Hernandez Fernandez before an immigration judge for an individualized bond hearing within ten days or release him. To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and Hernandez Fernandez's counsel must be given at least 48 hours' notice of the hearing, but only if they enter their appearance in the Executive Office of Immigration Review's online filing system in time to receive the notice. The Court is aware the EOIR is the agency that conducts bond hearings, it is not a party to this action, and it may decide not to hold a hearing that satisfies these requirements. But, to be clear, subjecting Hernandez Fernandez to mandatory detention under § 1225(b)(2) is unlawful. If the respondents are unable to ensure Hernandez Fernandez receives a bond hearing that complies with this Order within ten days, they must release him.

Accordingly, it is hereby

**ORDERED**:

---

with the majorities' reasoning and finds Judge Douglas's and Judge Erickson's dissents more persuasive. And a circuit split is likely. In a preliminary decision, the Seventh Circuit considered the government's position on the scope of § 1225(b)(2) and found it unlikely to succeed on the merits. *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060-63 (7th Cir. 2025).

Freddy Hernandez Fernandez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1)    Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Hernandez Fernandez for an individualized bond hearing before an immigration judge or (2) release Hernandez Fernandez under reasonable conditions of supervision.  If the respondents release Hernandez Fernandez, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2)    The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on April 14, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties or Record

5